UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| LISA A MAKSON<br>    and others similarly situated<br><br>        Plaintiffs,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC<br><br>        Defendant. | CIVIL NO. 3:07 CV 582 |

## DEFENDANT, PORTFOLIO RECOVERY ASSOCIATES, LLC.'s, ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COMES defendant, Portfolio Recovery Associates, L.L.C. ("PRA"), by and through undersigned counsel, and for its Answer to plaintiff's Complaint states as follows:

1. PRA admits that plaintiff purports to bring a class action complaint pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (FDCPA), but denies any violations, liability, or wrongdoing to the extent alleged in ¶ 1 and further denies that this action meets the requirements of a class action.

## JURISDICTION

2. PRA admits the allegations in ¶ 2 for jurisdictional purposes only.

## PARTIES

3. PRA denies the allegations in ¶ 3 for lack of sufficient information to justify a belief therein.

4. PRA admits that it is a Delaware limited liability company with its principal place of business in Virginia. PRA further admits that it purchases debt and may sue to collect debt in Virginia state court. PRA further admits that when it acts as a debt collector as defined by 15

1

U.S.C. § 1692(a)(6), its debt collection efforts may be subject to certain provisions of the FDCPA. Except as specifically admitted, PRA denies the remaining allegations in ¶ 4.

## STATEMENT OF FACTS

5. PRA admits the allegations in ¶ 5.

6. PRA admits the allegations in ¶ 6.

7. PRA admits the allegations in ¶ 7.

8. PRA admits the allegations in ¶ 8.

9. PRA admits the allegations in ¶ 9, but refers to the original document as the best evidence of its contents.

10. PRA admits that it filed an Affidavit for Default Judgment along with the Warrant in Debt. PRA further admits that at the time it filed the Affidavit for Default Judgment, plaintiff was not in default in the state court action. Except as specifically admitted, PRA denies the allegations in ¶ 10.

11. PRA admits the allegations in ¶ 11, but refers to the original document as the best evidence of its contents.

12. PRA admits the allegations in ¶ 12, but refers to the original document as the best evidence of its contents.

13. PRA admits the allegations in ¶ 13, but refers to the original documents as the best evidence of their contents.

14. PRA admits the allegations in ¶ 14, but refers to the original document as the best evidence of its contents.

15. PRA denies the allegations in ¶ 15.

16. The allegations in ¶ 16 of the Complaint call for a legal conclusion and do not require an affirmative defense. To the extent that an affirmative defense is required, PRA denies the allegations in ¶ 16 of the Complaint.

17. PRA denies the allegations in ¶ 17.

## CLASS ALLEGATIONS

18. PRA admits that plaintiff purports to bring this lawsuit as a class action, but denies any liability or wrongful conduct to the extent alleged in ¶ 18 of the Complaint. PRA further denies that this suit meets the requirements of a class action.

19. PRA denies the allegations in ¶ 19 of the Complaint and further denies that this suit meets the requirements of a class action.

20. PRA denies the allegations in ¶ 20 of the Complaint and further denies that this suit meets the requirements of a class action.

21. PRA denies the allegations in ¶ 21 of the Complaint and further denies that this suit meets the requirements of a class action.

22. PRA denies the allegations in ¶ 22 of the Complaint and further denies that this suit meets the requirements of a class action.

23. PRA denies the allegations in ¶ 23 of the Complaint and further denies that this suit meets the requirements of a class action.

24. PRA denies the allegations in ¶ 24 of the Complaint and further denies that this suit meets the requirements of a class action.

25. PRA denies the allegations in ¶ 25 of the Complaint and further denies that this suit meets the requirements of a class action.

**COUNT ONE: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e(11) – CLASS CLAIM**

26. In response to ¶ 26, PRA hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

27. PRA denies the allegations in ¶ 27 of the Complaint.

28. PRA denies the allegations in ¶ 28 of the Complaint.

**COUNT TWO: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e – PLAINTIFF MAKSON INDIVIDUALLY**

29. In response to ¶ 29, PRA hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

30. PRA admits the allegations in ¶ 30, but refers to the original document as the best evidence of its contents.

31. PRA denies the allegations in ¶ 31.

32. PRA denies the allegations in ¶ 32.

33. PRA denies the allegations in ¶ 33.

34. PRA denies the allegations in ¶ 34.

**PRAYER FOR RELIEF**

35. PRA denies that plaintiff is entitled to the relief sought and further denies that this suit meets the requirements of a class action.

**AFFIRMATIVE DEFENSES**

AND NOW, in further Answer to plaintiff's Complaint, PRA avers as follows:

**FIRST AFFIRMATIVE DEFENSE**

One or more counts/claims of the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k, to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a *bona fide* error notwithstanding maintenance of procedures reasonably adapted to avoid such error.

## THIRD AFFIRMATIVE DEFENSE

Assuming that plaintiff suffered any damages, plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

## FOURTH AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of PRA, or for whom PRA is not responsible or liable.

WHEREFORE, based on the foregoing, defendant, PRA, respectfully requests that this Answer be deemed good and sufficient; plaintiff's lawsuit be dismissed, with prejudice, at plaintiff's cost; that pursuant to federal and state law, plaintiff be ordered to pay the reasonable attorney's fees and costs for PRA, as prevailing party under federal and state law, and for all other general and equitable relief.

Respectfully submitted,

By: \_\_\_\_\_"/s/"_____
William D. Bayliss

William D. Bayliss, Esquire (VSB No. 13741)
bbayliss@williamsmullen.com
Williams, Mullen, Clark & Dobbins, P.C.
Two James Center
1021 East Cary Street, 17th floor
Richmond, VA 23219
Telephone: (804) 643-1991
Facsimile: (804 783-6507

*Of Counsel*

David Israel (# 7174)(T.A.)
disrael@sessions-law.com
Allison L. Cannizaro (#29951)
acannizaro@sessions-law.com
SESSIONS, FISHMAN & NATHAN, L.L.P.
3850 N. Causeway Blvd., Suite 1240
Metairie, Louisiana 70002
Telephone: (504) 828-3700
Facsimile: (504) 828-3737

Attorneys for Defendant,
Portfolio Recovery Associates, LLC

## C E R T I F I C A T E OF SERVICE

I hereby certify that on the 15th day of October, 2007, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

**Matthew James Erausquin**
Consumer Litigation Associates PC
3615-H Chain Bridge Rd
Fairfax, VA 22030
703-273-6080
Fax: 888-892-3512
Email: matt@clalegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Anthony Bennett**
Consumer Litigation Assoc PC
12515 Warwick Blvd
Suite 100
Newport News, VA 23606
757-930-3660
Fax: 757-930-3662
Email: lenbennett@cox.net

                                                     "/s/"
                                           William D. Bayliss

1516577v1