# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

LISA A. MAKSON,
    *on behalf of herself and others similarly situated*

    Plaintiff,

v.                                                       CIVIL NO. 3:07cv582

PORTFOLIO RECOVERY ASSOCIATES, LLC

    Defendant.

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS CLASS CLAIM

COMES NOW the Plaintiff, Lisa Makson, by counsel, and as for her Response in Opposition to Defendant's Motion to Dismiss her Class Claim, she states as follows:

This is an action brought against a debt collector that initiated collection proceedings against the Plaintiff in state court, seeking nearly $1200 from her with regard to a Providian credit card account which had a credit limit of $300 and by the Defendant's own admission, went delinquent as recently as 2005. By its actions and communications made in those proceedings, the Defendant violated the FDCPA in numerous ways, including filing affidavits in support of a default judgment when Plaintiff was not in default in the matter and by claiming personal knowledge of Plaintiff's contractual liability to a third party, when no contractual relationship between PRA and the Plaintiff ever existed.

The class claim in this case is straightforward. The Plaintiff asserts that the Defendant failed to make the disclosure required by 15 U.S.C. §1692e(11) on any of three specific documents filed in the state court collection matter: (1) the "Affidavit of Ownership", (2) the PRA-NET screen print, and (3) the "Affidavit for Default Judgment". The statute requires that entities that fall within its definition of a

"debt collector", and are thus regulated by the FDCPA, simply make a one sentence affirmative disclosure to consumers on all communications that they are, in fact, a debt collector.

At the outset, the Court should be aware of the sleight of hand that the Defendant attempts to perform in its Motion to Dismiss the Class Claim. Despite PRA's allusions to the contrary, the Plaintiff does not base her class claim on the Defendant's failure to provide the "mini-Miranda" found at 15 U.S.C. §1681g.[1] She makes no reference to §1681g in her Complaint at all and the Defendant's introduction of it on brief is solely to create a smoke screen and confuse this Court. The reason that the Defendant would mislead the Court in this regard is that the §1681g disclosure is required only once, in writing and within 5 days of the debt collector's initial communication with the consumer. 15 U.S.C. §1692g(a). On the other end of the spectrum, the subsection at issue in this case, 15 U.S.C. §1692e(11), requires that the debt collector notify the consumer in all subsequent communications that the communication is from a debt collector. There is no dispute that the two affidavits and the PRA-NET screen print sent to the Plaintiff were deficient as to the §1692e(11) disclosure.

Thus, the only real issue for the Court's consideration is whether the two affidavits and the PRA-NET screen print constitute "communications" as that term is defined by §1692a(2) and then, whether they are "formal pleadings" as referenced in §1692e(11).

## ARGUMENT

### A. THE TWO AFFIDAVITS AND THE PRA-NET SCREEN PRINT ARE "COMMUNICATIONS" AND ARE NOT "PLEADINGS".

As always, the Court should start first with the explicit text of the statute. "The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. §1692a(2). The three documents at issue here clearly contain

---

[1] Furthermore, the Plaintiff strongly objects to the use of the phrase "Mini-Miranda" in these proceedings. She is not a criminal.

2

information regarding a debt and were "conveyed" to the Plaintiff by the Defendant when it caused the documents to be delivered to her via process server and the U.S. Mail. The Defendant does not appear to take issue with this conclusion.

Then the Court should turn to §1692e(11), which requires that each communication which follows the "initial communication" must contain the disclosure that the entity sending the communication is a debt collector, except when the communication is a "formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11). This exception is the sole legal issue that the Court must determine. The Defendant argues that "the Plaintiff is interpreting the FDCPA to require that all pleadings, and even supporting exhibits for the collection lawsuit ... include a detailed FDCPA §1692e(11) notice." Def. Mot. Dismiss Class Claim at 4. Nothing could be further from the truth.

"Formal pleadings" are specifically exempted from the requirement found at 15 U.S.C. §1692e(11). The problem for the Defendant is that the two affidavits and the PRA-NET screen print are not "pleadings" under any definition of that word (and are certainly not "formal"), either when construed the Defendant's skewed interpretation of Fed.R.Civ.P.10(c) or, more intuitively, by the clear text of the Virginia Rules and statutes which governed the General District Court collection case at issue.

As a preliminary note, the General District Courts of the Commonwealth of Virginia are not governed by the Federal Rules of Civil Procedure. The Defendant lacks a good faith basis in suggesting otherwise, and this position is indicative of the tenuous nature of its defense in this case. The Plaintiff strongly urges that the Virginia Code and Rules of the Supreme Court of Virginia should provide the definition of "pleading". However, even if the Court accepts the Defendant's invitation to apply the Federal Rules to a state court proceeding, this Court will be hard pressed to understand the Defendant's decision to recite Rule 10(c) or to cite to the Clark Construction Group case in support of its argument.

Assuming, arguendo, that the Court were to look to the Federal Rules and case law for the definition of "pleading", as urged by the Defendant, it need look no farther than the Norfolk Division. "Briefs and affidavits, however, are not pleadings". International Longshoreman's Ass'n v. Virginia Intern. Terminals, Inc., 904 F.Supp 500 (E.D.VA 1995). This holding is supported by the text of Rule 7(a) which provides a discrete list of "pleadings", which include a complaint, answer, reply to a counterclaim, answer to a cross-claim, third-party complaint, and third-party answer. The Rule 7(a) list is all-inclusive. Therefore, despite Defendant's baseless assertions to the contrary, affidavits and "screen prints" are not pleadings. Having established this, and again – erroneously assuming the applicability of the Federal Rules of Civil Procedure to a General District Court matter - the Court would then turn to the issue of whether filing an exhibit with a pleading is sufficient to integrate the exhibit into the pleading.

Interestingly, the very text of Rule 10(c) cited by the Defendant mandates a conclusion opposite to what it urges this Court to find. Rule 10(c) states that "a copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." (emphasis added). This limitation as to "instruments" is also supported by the exact text of the Clark case cited by the Defendant – "The exhibit provision of Rule 10(c) applies only to written instruments, documents such as contracts, leases, bonds and letters". (emphasis added). The Plaintiff challenges the Defendant to argue, pursuant to its Rule 11 obligations, that its Affidavit of Ownership, Affidavit for Default Judgment and "PRA-NET screen print" are "instruments". They clearly are not.

The Federal Rules are incorporated into Title 28 by the Rules Enabling Act, 28 U.S.C. § 2071, and one of the most basic tenets of statutory construction is that Courts will interpret statutes so as not to render any word or phrase superfluous. Boise Cascade Corp. v. EPA, 942 F.2d 1427,1432 (9th Cir. 1991). Therefore, if this Court were to adopt the position urged by the Defendant – that is, that any

4

document attached to or filed at the same time as a pleading will be considered part of the pleading – it would render Rule 10(c) superfluous. The proper construction of this Rule and the applicable case law is that with respect to pleadings governed by the Federal Rules of Civil Procedure, only exhibits that are "instruments" and attached to pleadings defined by Rule 7(a) are properly integrated into the pleading.

Nonetheless, the Plaintiff submits that the Court should find that common sense mandates the application of the Rules of the Virginia Supreme Court and the Virginia Code to proceedings conducted in General District Courts of the Commonwealth of Virginia. This analysis results in an congruous finding - the two affidavits and PRA-NET "screen print" are not " formal pleadings".

To begin the more proper state law analysis, the Court need look no further than Virginia Rule 1, titled "General Rules Applicable to All Proceedings", which provides, in applicable part, as follows:

"The mention in a pleading of an accompanying exhibit shall, of itself and without more, make such exhibit part of the pleading".

<u>Va.Sup.Ct.Rule 1:4(i)</u>

The Defendant has already admitted in its Answer that the Warrant in Debt (the only pleading filed in the state court matter) did not "mention" either of the affidavits. Further, it admits that neither of the affidavits "mentioned" the PRA-NET screen print. <u>Defendant's Answer</u> at 13-14. Thus, it follows that the Defendant's failure to mention either of the two affidavits or the PRA-NET screen print in its Warrant in Debt requires a finding that those three documents are not "formal pleadings" as described by §1692e(11).

This reasoning is consistent with the decisions of Virginia courts which reference Virginia Rule 1:4(i) in various contexts. For example with regard to demurrers, courts have held that "a court considering a demurrer may ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that <u>properly</u> are a part of the pleadings." <u>Ward's Equip., Inc. v. New Holland North America, Inc.</u>, 254 Va. 379, 382 (1997) (emphasis added); "On demurrer, a court may examine

5

not only the substantive allegations of the pleading attacked, but also any accompanying exhibit mentioned in the pleading." Welding, Inc. v. Bland County Serv. Auth., 261 Va. 218, 227 (1991) (emphasis added).

Accordingly, the Plaintiff submits that this Court should apply the Virginia statutes and Rules which governed the General District Court filings at issue here, and find that the two affidavits and "PRA-NET screen prints" are not "formal pleadings" as referenced in §1692e(11). Alternately, for the reasons suggested *supra,* she suggests that the result would be the same even if the Court were to adopt the federal definition of "pleading" urged by the Defendant.

> B. THE "VIRGINIA STATE LAW COLLECTION PROCEDURE" DESCRIBED BY THE DEFENDANT DOES NOT REQUIRE IT TO VIOLATE THE FAIR DEBT COLLECTION PRACTICES ACT.

In its Motion, the Defendant makes the following improper legal contentions and assertions of fact which come perilously close to the line of frivolity and are completely unsupported by any existing legal or factual basis. The following inaccurate representations of Virginia law are brought to the Court's attention at this juncture, so that it is not mislead:

1) The Defendant followed "mandatory state collections law practice" by filing the warrant in debt, the two affidavits and PRA-NET screen print. Def. Mot. Dismiss Class Claim at 1 (emphasis added).

2) The Defendant followed "Virginia state law procedure for collection of a debt". Id. at 2.

3) "The Plaintiff appears to [...] require every state court pleading to include FDCPA warnings", and that a such a result would require "Court issued orders confirming judgment for a debt" to contain "FDCPA warnings". Id. at 4-5.

4) "Virginia law mandates that to complete a successful collections action through a default proceeding, all of PRA's standard pleadings must be used". Id. at 5. (emphasis added).

These *ipse dixit* statements can be addressed simply. A debt collector who pursues a state court collection action is free to file an affidavit or anything else he feels appropriate in support of his Warrant in Debt. However, nothing in any Virginia statute or Rule <u>forbids</u> the Defendant from making the simple and required §1692e(11) disclosure. Nothing in Virginia law <u>requires</u> the Defendant to omit the disclosure from its litigation communications sent to consumers. The PRA affidavits and screen prints are not "mandatory" or "required" by Virginia law. There exist no "mandatory state collections law practice" statutory requirements. Indeed, affidavits and screen prints filed with the Court are illegal on their face when sent to consumers without the disclosure required by the FDCPA. Further, a debt collector could also choose to proceed by Warrant in Debt without simultaneously filing any affidavit or screen print. This Defendant chooses to do so because its business model is buy debt for pennies on the dollar, to file Warrants in Debt across the Commonwealth, send those Warrants out for service to addresses of dubious reliability and then hope that consumers do not appear for trial.[2] If it is successful in these efforts, it obtains a default judgment against that consumer based entirely on its self-serving affidavits and without the trouble of putting on any substantive evidence to maintain its otherwise difficult burden of proof that the consumer breached a contract with a third-party.

In short, the conflict between state and federal law that the Defendant attempts to manufacture in furtherance of its defense simply doesn't exist. The filing of collection affidavits are not required by Virginia law and are an affirmative choice by the Defendant made for the purpose of

---

[2] This counsel has experienced numerous instances of consumers struggling to undo default judgments when the Warrant in Debt was served via "posted service" on the front door of a residence that they had never lived at. Debt collectors such as the Defendant are often not provided with updated addresses from the entities from which they purchase their stale portfolios and will often run a "skip trace" to find their target through a number of internet based services of questionable reliability. Individuals unfortunate enough to have common names, such as the Bill Johnsons or Lisa Washingtons of the world, typically only become aware of the existence of the judgment when their wages are garnished.

7

streamlining the process of obtaining default judgments against consumers. Its similarly inequitable attempts to mislead this Court throughout its Motion on this and other points is shocking.[3]

The disclosure required by §1692e(11) is simply that "this communication is from a debt collector". The addition of this single sentence in litigation communications is not burdensome. It would only apply to those communications sent by the debt collector to the consumer during the course of the litigation. [4]

Accordingly, for the reasons stated herein, the Plaintiff moves that this Court deny the Defendant's Motion to Dismiss the Class Claim.

Respectfully submitted,
**LISA A. MAKSON**

By_____/s/_____
Of Counsel

MATTHEW J. ERAUSQUIN, VSB#65434
LEONARD A. BENNETT, VSB #37523
Counsel for the Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
3615-H Chain Bridge Road
Fairfax, VA 22030
Telephone: (703) 273-7770
Facsimile: (888) 892-3511
Email: matt@clalegal.com

---

[3] The Defendant attempts to conflate the §1692g and §1692e(11) requirements in order to cite to a handful of cases which held that the §1692g disclosure was not required in the litigation context because the document at issue was not the "initial communication". Such cases are wholly inapplicable to the requirement that the Defendant must make the §1692e(11) disclosures on "all subsequent communications", which include communications made in the litigation context, as per the Fourth Circuit's decision in Sayyed.

[4] It almost needs no mention that, given that courts are not "debt collectors" communicating with consumers as contemplated by the FDCPA, judges are not be required to place this language on "Orders", as the Defendant frivolously speculates.

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of November, 2007, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification to the following:

William D. Bayliss, Esq.
WILLIAMS MULLEN
1021 E Cary St
Richmond, VA 23218-1320
(804) 783-6459
Email: bbayliss@williamsmullen.com

                                            /s/
                                 MATTHEW J. ERAUSQUIN, VSB#65434
                                 LEONARD A. BENNETT, VSB #37523
                                 Counsel for the Plaintiff
                                 CONSUMER LITIGATION ASSOCIATES, P.C.
                                 3615-H Chain Bridge Road
                                 Fairfax, VA  22030
                                 Tel:    703-273-7770
                                 Fax:   888-892-3512
                                 matt@clalegal.com