UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| LISA A MAKSON<br>and others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC<br><br>    SERVE:   Judith Scott<br>                120 Corporate Blvd.<br>                Norfolk, VA 23502<br><br>    Defendant. | CIVIL NO. 3:07 CV 582 |

## PRA'S REPLY MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS CLASS CLAIMS

Defendant, Portfolio Recovery Associates, LLC (PRA), submits its reply memorandum in support of its motion to dismiss class claims.

In her response, plaintiff has failed to characterize PRA's substantive and factual positions accurately, thus necessitating this supplemental brief. In shortest summary, plaintiff is attempting to create new FDCPA obligations and unnecessarily interfere with Virginia state court collections lawsuits. Plaintiff's ultimate demand that the FDCPA e(11) disclosure be included on all state court filed collections pleadings and supporting documents is not required by the law and does not protect consumers.

The facts are not in dispute. PRA, a debt buyer and debt collector, filed a state court collection action against plaintiff, which pursuant to Virginia civil procedure, consisted of the following documents filed with the court: a Warrant in Debt; an Affidavit of Ownership (which establishes that PRA owns the account); the PRA-NET screen print (which is PRA's internal

1

account records and provides a "statement of the account"); and, an Affidavit for Default Judgment (which asserts that the plaintiff is not serving in the military). Plaintiff filed this Class Action alleging that because the Affidavit of Ownership, PRA-NET screen print, and Affidavit for Default Judgment did not contain a disclosure stating that it was a communication from a debt collector, pursuant to 15 U.S.C. § 1692e(11), PRA violated the Fair Debt Collection Practices Act (FDCPA). Section 1692e(11) exempts formal pleadings made in connection with a legal action from this notice requirement.

PRA filed a Motion to Dismiss Class Claims, asserting that because the exhibits to the warrant in debt were "pleadings" and were filed pursuant to Virginia state law, PRA was not liable under the FDCPA. Plaintiff filed her Opposition in Response to Defendant's Motion attempting to refute PRA's positions by incorrectly claiming that state versus federal procedure should apply to an interpretation of the federal FDCPA; even if the Federal Rules of Civil Procedure do apply, the exhibits to the state required Warrant In Debt are not "written instruments" per the Federal Rules; and, while not relevant and not disputed by PRA, the Virginia Rules of Procedure do not bar the inclusion of an FDCPA warning. Plaintiff is wrong on all counts.

First, the Federal Rules of Civil Procedure, not the Virginia Rules of Civil Procedure should define the term "pleading." To accept plaintiff's position will create a state-by-state patchwork of law and ignore the FDCPA's underlying purpose. The FDCPA confirms that "[i]t is the purpose of this subchapter . . . to promote <u>consistent State action</u> to protect consumers against debt collection abuses." 15 U.S.C. § 1692. (Emphasis added.) "Given Congress' intent to establish uniform guidelines for enforcing permissible debt collection practices, it would be counter-intuitive to read the FDCPA so that plaintiffs have different rights of recovery in each

state." *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182 (D. Del. 1991). Plaintiff's interpretation that state law should apply by her interpretation of Virginia law produces inconsistent results, all depending upon which state the consumer resides and that state's definition of "pleading." To ensure a consistent nationwide application of the FDCPA as Congress intended, the Federal Rules of Civil Procedure and not state rules should apply.

Second, while plaintiff is ignoring the purpose of the FDCPA and hoping that the Federal Rules of Civil Procedure do not apply, plaintiff's tortured position that the exhibits to the warrant in debt are not "pleadings" is incorrect. *See* FED R. CIV. P. 10(C). Plaintiff's citation to *Int'l Longshoreman's Ass'n v. Virginia Int'l. Terminals, Inc.*, 904 F.Supp. 500, 504 (E.D. Va. 1995) to support her argument is wrong. The *Int'l Longshoreman* Court denied plaintiff's motion to strike defendant's brief and affidavits in support of its summary judgment motion because the SJM is not a pleading. There, the affidavits were attached to a motion for summary judgment. A summary judgment motion is not a pleading as defined by FED. R. CIV. P. 7(a). Likewise, and logically, affidavits attached to a summary judgment motion should not be considered pleadings. In the current action, the exhibits at issue were attached to a complaint, which is a defined pleading under FED. R. CIV. P. 7(a). A Virginia collections action is not a summary judgment motion and this case is not *Int'l Longshoreman.*

Rule 10(c) explicitly states that "a copy of any written instrument which is an exhibit to a pleading is a part thereof for all purpose." Plaintiff is also mistaken that the exhibits to PRA's warrant in debt are not "written instruments" and her citation to *Clark Construction Group, Inc. v. Modern Mosaic Ltd.*, 2000 WL 3445892 (D. Md. 2000) does not support her position. The *Clark* Court stated that "[t]he exhibit provision of Rule 10(c) applies only to written instruments, documents such as contracts, leases, bonds, and letters." (Emphasis added.) *Id.* at *4. The

3

Court provided an illustrative, not restrictive, list of documents that constitute "written instruments."

In *Eagle Nation, Inc. v. Market Force, Inc.*, 180 F.Supp.2d 752, 755 (E.D. N.C. 2001), when deciding defendant's motion for judgment on the pleadings, the court followed the Seventh Circuit's ruling that affidavits and other like documents attached to a pleading are considered written instruments. "'Under Rule 10(c), the attached documents are incorporated into the pleadings. Historically, this Court [the Seventh Circuit] has interpreted the term "written instrument" as used in Rule 10(c) to include documents such as affidavits, and letters, as well as contracts, and loan documentation.'" *Id., quoting Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452-53 (7th Cir. 1998) (internal citations omitted).[1] Likewise, the PRA Affidavit of Ownership, PRA-NET screen print, and Affidavit for Default Judgment should be considered "written instruments." These written instruments are mandatory requirements for a successful collections default judgment.

Third, plaintiff's accusations that PRA made "inaccurate representations of Virginia law" are unfounded. Docket No. 10, Plaintiff's Brief, p. 6. PRA did not assert that Virginia law forbids a debt collector from including the FDCPA, § 1692e(11) disclosures on pleadings. Instead, PRA accurately confirmed the import of *Beler*- a debt collector does not violate the FDCPA when the collector follows a state court post-judgment collection procedure with its state court filings. *See Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir.

---

[1] Other courts have declined to include affidavits as "written instruments." 'Those courts declined to include the documents because they were "opinions, merely pieces of evidentiary matter that do not exist independently of the complaint." *Demarco v. Depotech Corporation*, 149 F.Supp.2d 1212, 1220 (S.D. Cal. 2001). Here, the exhibits to the warrant in debt exist independently and are required documents to obtain a default judgment in a Virginia state court collection proceeding.

4

2007). Likewise, because PRA followed Virginia state law procedure when filing the pleadings in the state court collection action, it did not violate the FDCPA.

Plaintiff's theory would lead to absurd results. Would an FDCPA warning be required when service by a process server was being completed on the consumer defendant? Would the warning be required to be made before the consumer's deposition? Court supervised cross-examination? Prior to settlement discussions if the consumer was not represented? Post judgment, when the consumer was being examined in a judgment debtor proceeding to identify assets? When assets are being seized by the sheriff to satisfy a debt? The list is near endless. The *Beler* Court was wise to recognize that FDCPA mandates should never cross into state court procedures.

Plaintiff's statement that the "affidavits and screen prints are not 'mandatory' or 'required' by Virginia law" is incorrect. *See* Docket No. 10 at p. 7. Virginia law is clear and pursuant to Va. Code Ann. § 8.01-28, a debt collector must file an affidavit (PRA Affidavit of Ownership) and statement of account (PRA-NET screen print), along with the warrant in debt to obtain a default judgment. Virginia law as embodied in Va. Code Ann. § 8.01-15.2, provides that a default judgment will not be entered unless an affidavit that the defendant is not serving in the military is filed. (The document PRA filed is a court form.)[2] Therefore, like in *Beler*, PRA should not be liable under the FDCPA when it followed Virginia procedure in its state court collection proceeding.

---

[2] In her Opposition Memo, plaintiff states that PRA "does not appear to take issue with" the conclusion that the PRA Affidavit of Ownership, PRA-NET screen print, and Affidavit for Default Judgment were served on her. *See* Docket No. 10 at p. 3. PRA disagrees and understands that only the PRA Affidavit of Ownership was served.

5

Plaintiff makes numerous, insulting remarks throughout her opposition memo concerning PRA's business practices and its position in this case.[3] For example, plaintiff's attempt to mock PRA's argument by suggesting that a court is required to include the § 1692e(11) disclosure on an Order is disingenuous. It is obvious that a court is not a debt collector. But by plaintiff's theory, a consumer being served with a Court Order by a successful debt collector judgment creditor would be required to include the § 1692e(11) disclosure on the order. The debt collector, not the court would have to include the warning. The requirement as applied is absurd, but these limited examples demonstrate why plaintiff's class claims should be dismissed.

For all of the foregoing reasons, PRA moves the Court to dismiss Count 1 of plaintiff's complaint for failure to state a claim upon which relief may be granted.

Respectfully submitted,

By: ___"/s/"___
William D. Bayliss

William D. Bayliss, Esquire (VSB No. 13741)
bbayliss@williamsmullen.com
Williams, Mullen, Clark & Dobbins, P.C.
Two James Center
1021 East Cary Street, 17th floor
Richmond, VA 23219
Telephone: (804) 643-1991
Facsimile: (804 783-6507
*Of Counsel*

---

[3] It is ironic that plaintiff is quick to criticize and accuse PRA of improper collection practices, when plaintiff recently paid her obligation to PRA for her PRA debt.

David Israel (# 7174)(T.A.)
disrael@sessions-law.com
Allison L. Cannizaro (#29951)
acannizaro@sessions-law.com
SESSIONS, FISHMAN & NATHAN, L.L.P.
3850 N. Causeway Blvd., Suite 1240
Metairie, Louisiana 70002
Telephone: (504) 828-3700
Facsimile: (504) 828-3737

Attorneys for Defendant,
Portfolio Recovery Associates, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of November, 2007, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

**Matthew James Erausquin**
Consumer Litigation Associates PC
3615-H Chain Bridge Rd
Fairfax, VA 22030
703-273-6080
Fax: 888-892-3512
Email: matt@clalegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Anthony Bennett**
Consumer Litigation Assoc PC
12515 Warwick Blvd
Suite 100
Newport News, VA 23606
757-930-3660
Fax: 757-930-3662
Email: lenbennett@cox.net

                                                                "/s/"
                                               William D. Bayliss

1526828v1