UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| LISA A MAKSON<br>　　and others similarly situated<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　CIVIL NO. 3:07 CV 582<br>)<br>)<br>)<br>)<br>) |

## ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, the Court has been advised that the parties to this action, Lisa A. Makson (hereinafter referred to as "Plaintiff" or "Class Representative"), and Portfolio Recovery Associates, LLC (hereinafter referred to as "PRA"), through their respective counsel, have agreed, subject to Court approval following notice to the Class Members and a hearing, to settle the above-captioned lawsuit (hereinafter referred to as the "Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Agreement);

NOW, THEREFORE, based upon the Agreement and all of the files, records, and proceedings herein, and it appearing to the Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held on _____, after notice to the Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be



entered in this Lawsuit:

IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, PRA served written notice of the proposed class settlement on the United States Attorney General and Virginia Attorney General via FedEx on _____.

3. **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit:

> All Virginia consumers that PRA sued in Virginia General District Court from September 21, 2006 to September 21, 2007, and to whom PRA sent along with its Warrant in Debt certain exhibits, including an Affidavit of Ownership, Affidavit for Default Judgment, and/or PRA-NET screen print, that failed to contain the disclosures set forth in 15 U.S.C. § 1692e(11) (hereinafter referred to as the "Class Members").

4. There are approximately 2,882 Class Members.

5. **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies Plaintiff Lisa A. Makson as the Class Representative and Mr. Leonard A. Bennett and Mr. Matthew J. Erausquin as Class Counsel.

6. **PRELIMINARY CLASS CERTIFICATION** – The Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C. The claims of the Plaintiff are typical of the claims of the Class Members;

D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

7. The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited amount of any potential total recovery for the class.

8. **THIRD-PARTY CLASS ACTION ADMINISTRATOR** – PRA, at its sole expense, and subject to the approval of Class Counsel, will hire a third party administrator (the TPA). The TPA will oversee the administration of the settlement and the notification to Class Members. The TPA will be responsible for mailing the approved class action notices and post card claim-in forms to the Class Members and will verify that the printer mailed the notices and

post card claim-in forms. A separate checking account with a banking institution that does not currently work with PRA will be maintained by the TPA ("the Settlement Account"). The Settlement Account will be established for depositing the settlement funds so that settlement checks may be issued. PRA shall deposit $144,100 into the Settlement Account no later than 5 days after Final Judgment Day. The settlement checks shall issue from the Settlement Account and the TPA will verify that the settlement checks were mailed. PRA shall not use any information obtained through the claims process to assist in its collections.

9. **WRITTEN NOTICE** – The Court approves the form and substance of the notice of class action settlement, attached to the Agreement as Exhibit C. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Class Members of their rights. In accordance with the Agreement, PRA, through the TPA, shall cause the completed notice to be mailed to the Class Members as expeditiously as possible, but in no event later than 20 days after the Court's entry of this order, *i.e.*, ***no later than*** _____ .

10. **EXCLUSIONS** – Any Class Member who desires to be excluded from the class must send a written request for exclusion to the TPA with a postmark date no later than 50 days after the Court's entry of this order, *i.e.*, ***no later than*** _____ . To be effective, the written request for exclusion must state the Class Member's full name, address, and telephone number, along with a statement that the Class Member wishes to be excluded. Any Class Member who submits a valid and timely request for exclusion shall not be bound by the

4

terms of the Agreement.

11. **OBJECTIONS** – Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 50 days after the Court's entry of this order, *i.e.*, *no later than* _____. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, Attention: PRA Settlement, Consumer Litigation Associates, P.C. at 12515 Warwick Blvd., Suite 100, Newport News, Virginia 23606, and counsel for PRA, Attention: PRA Settlement, Sessions, Fishman, Nathan & Israel, L.L.P., at P.O. Box 6680, Metairie, LA 70009-6680. To be considered, the written objection must state: the Class Member's full name, address, and telephone number; the reasons for his or her objection; and, whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel. Further, the Class Member must attach to his or her objection any documents supporting the objection. Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

12. **CLAIM FORMS** – The Court preliminarily approves the form and substance of the Claim Form, attached to the Agreement as Exhibit D. In order to receive a settlement payment, the Class Member must sign and return the Claim Form to the TPA identified on the Claim Form with a postmark date no later than 50 days after the Court's entry of this order, *i.e.*, *no later than* _____.

13. **SETTLEMENT PAYMENTS** – The TPA will mail a $50 settlement check to each Class Member who does not exclude himself or herself from the class and whose completed Claim Form is received by The TPA, with a postmark date no later than 50 days after the Court's entry of this order, *i.e. no later than* _____. No later than 75 days after the Court's entry of

5

this Order, the TPA shall provide to PRA a list of all individuals who have submitted a Claim Form.

14. **SERVICE PAYMENT TO LISA A. MAKSON** – Plaintiff, Lisa A. Makson, shall receive the sum of $2,500 as acknowledgement of her role in prosecuting this case on behalf of the Class Members.

15. *CY PRES* **AWARD** -- PRA will contribute a minimum of $69,000 for the combined cash settlement payments (not including uncashed checks) and *cy pres*. Upon the expiration of 120 days after Final Judgment Day, if the amount of the disbursement from the TPA account has not reached $69,000, the remaining balance up to $69,000 will be paid to a the *cy pres* recipient(s) selected by Class Counsel, subject to the Court's approval. The remaining amount of the undisbursed fund shall be returned by the TPA to PRA.

16. **FINAL APPROVAL** – The Court shall conduct a hearing (hereinafter referred to as the "Fairness Hearing") on _____, at 701 East Broad Street, Richmond, VA 23219, commencing at _____ P.M., to review and rule upon the following issues:

A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

C. Whether the Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

D. To discuss and review other issues as the Court deems appropriate.

17. Attendance at the Fairness Hearing is not necessary. Class Members need not

appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard are, however, required to indicate in their written objection whether or not they intend to appear at the Fairness Hearing. The Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

18. Submissions by the Parties, including memoranda in support of the proposed settlement, responses to any objections, petitions for attorney's fees and reimbursement of costs and expenses by Class Counsel, shall be filed with the Court no later than 7 days prior to the Fairness Hearing, *i.e.*, **no later than** _____.

19. The Agreement and this order shall be null and void if any of the following occur:

A. The Agreement is terminated by any of the Parties for cause, or any specified material condition to the settlement set forth in the Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

B. The Court rejects, in any material respect, the Final Order and Judgment substantially in the form and content attached to the Agreement and/or the Parties fail to consent to the entry of another form of order in lieu thereof;

C. The Court rejects any material component of the Agreement, including any amendment thereto approved by the Parties; or

D. The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

20. If the Agreement and/or this order are voided per ¶ 19 of this order, then the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored,

without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

21. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

22. The Court sets the following schedule:

| **Date** | **Event** |
|---|---|
| | Preliminary Approval Order Entered |
| | First Notice Sent |
| | Deadline to Make Claim/Send Exclusion/File Objection |
| | Motion for Final Approval/Attys' Fees Papers Filed |
| | Fairness Hearing Held |

## ORDER

IT IS SO ORDERED.

DATED: _____      _____
                                                    THE HONORABLE HENRY E. HUDSON