UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| LISA A MAKSON<br>and others similarly situated | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL NO. 3:07 CV 582 |
| | ) | |
| v. | ) | |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT

### PLEASE READ THIS NOTICE CAREFULLY. THIS NOTICE EXPLAINS THAT YOU MAY BE ENTITLED TO RECEIVE A SETTLEMENT PAYMENT. THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.

### Why did I get this notice?

This is a notice of a proposed settlement in a class action lawsuit. The settlement would resolve a lawsuit brought on behalf of any Virginia consumers who Portfolio Recovery Associates, LLC (PRA) sued in Virginia General District Court from September 21, 2006 to September 21, 2007, where PRA attached or submitted along with its Warrant in Debt certain exhibits that failed to contain the disclosures under 15 U.S.C. § 1692e(11) and that were either filed or served upon you. You have received this notice because records indicate that you are a member of the Class. Your legal rights will be affected by the settlement of this lawsuit.

Please read this notice carefully. It explains the lawsuit, the settlement, and your legal rights, including the process for receiving a settlement check, excluding yourself from the settlement, or objecting to the settlement.

### What is this lawsuit about?

This lawsuit was filed on September 21, 2007, in the United States District Court for the Eastern District of Virginia. The plaintiff, Lisa A. Makson, claims that PRA filed a collections lawsuit in Virginia General District Court that failed to contain the 15 U.S.C. § 1692e(11) disclosures on the exhibits to the Warrant in Debt that were either filed or served on the defendants in the collections lawsuits, all as an alleged violation of the Fair Debt Collection Practices Act.

PRA denies that it violated any law or regulation.

### Why is this a class action?

In a class action, one or more people, called "Class Representatives" (in this case Ms. Makson), sue on behalf of people who have similar claims. All of these people together are a "Class" or "Class Members." The Court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### Why is there a settlement?

The plaintiff and PRA have agreed to settle the lawsuit to avoid the time, risk, and expense of defending the lawsuit and to achieve a final resolution of the claims. Under the proposed settlement, Class Members will have the opportunity to obtain a payment in exchange for giving up certain legal rights. The Class Representative and the attorneys think the settlement is best for all Class Members.

EXHIBIT
3

## How do I know if my claims are included in the settlement?

You received this notice because PRA's records identified you as a Class Member. That means you fit the description of the Class, which the Court certified for this settlement. The Class consists of any Virginia consumers who PRA sued in Virginia General District Court from September 21, 2006 to September 21, 2007, where PRA attached or submitted along with its Warrant in Debt certain exhibits that were either filed in the case or served upon you, including an Affidavit of Ownership, Affidavit for Default Judgment, and/or PRA-NET screen print. All of the exhibits failed to contain the disclosures allegedly in violation of 15 U.S.C. § 1692e(11).

## What does the settlement provide?

There are approximately 2,882 Class Members in this case. PRA will pay Class Members that claim-in a $50 settlement check. Class representative, Lisa A. Makson, will receive a service payment of $2,500 as acknowledgement of her role in prosecuting this case on behalf of the Class Members. Subject to the Court's approval, PRA will pay $57,500 for attorneys' fees, costs, and expenses. PRA has agreed to pay the costs associated with the administration of the settlement. PRA has agreed to pay a minimum of $69,000, regardless of the number of Class Members that request $50. For any shortage of funds not paid to Class Members, PRA will pay the balance up to $69,000, to the Court approved charity, The Consumer Alliance of Virginia.

## How much will I be paid?

If the Court approves the settlement, every Class Member who submits a timely and properly completed Claim-In Post Card Form will be entitled to a payment of $50.

## How was the amount of my payment determined?

A federal court magistrate judge acted as a neutral mediator and helped the parties settle the case. After evaluating the costs, risks, and delays the parties would have encountered bringing this case to trial, the parties arrived at the $50 settlement amount.

Unlike many class action settlements, the payment you are entitled to receive will not be reduced by attorney's fees, costs, or expenses, which PRA has agreed to pay separately from the settlement payments. Class Counsel first obtained the class settlement, and only negotiated the amount of attorney's fees, costs, and expenses that PRA would pay after the class settlement was agreed-upon. This attorney's fees negotiation was also facilitated by the magistrate judge.

## How can I get a payment?

To qualify for a payment, you must return a signed and completed Claim-In Post Card Form by _____ __, *2008*. The Post Card Form is enclosed with this notice.

If you do not return the completed Claim-In Post Card Form timely, you will not receive a settlement payment.

## When will I be paid?

If the Court approves the settlement, you will be paid as soon as possible after the Court order becomes final. If there is an appeal of the settlement, payment may be delayed.

## What rights am I giving up in this settlement?

Unless you exclude yourself from this settlement, you will be considered a member of the Class, which means you give up your right to sue or continue a lawsuit against PRA regarding the legal issues that were raised or could have been raised in this case. Giving up your legal claims is called a release. Unless you formally exclude yourself from this settlement, you will release your claims whether or not you submit a Claim-In Post Card Form and receive a settlement payment.

The released parties collectively include Portfolio Recovery Associates, LLC, and its agents, servants, and attorneys. You

2

will be releasing these parties from all claims related to the exhibits filed along with the Warrant in Debt in the collections lawsuit. However, in this action, you do not give up the right to challenge the amount of the debts PRA sued you upon.

For more information on the release, released parties, and released claims, you may obtain a copy of the Settlement Agreement from the Court at the address below.

## Can I exclude myself from the settlement?

You may exclude yourself from the settlement. If you exclude yourself from the settlement, you will not receive any payment from PRA, but you will retain the right to sue PRA separately, at your own expense, for any claims you might have.

## How do I exclude myself from the settlement?

If you wish to be excluded, you must mail a written request for exclusion to the PRA Settlement Administrator at:

Makson v. Portfolio Recovery Associates, LLC
Court Appointed Class Action Settlement Administrator
P.O. Box _____
**LOCATION**

Your request for exclusion must be in writing and postmarked on or before _____ __, *2008*. The request must state: "I do not want to be part of the Class in *Makson v. Portfolio Recovery Associates, LLC*, Case No. 3:07-CV-582." The request should be signed, with your name, address, and telephone number printed below your signature. The address you use should be the address to which this notice was mailed, so that you can be properly identified.

## When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing on _____ __, *2008, at* _____ __.*M.* The hearing will be held in the United States District Court, Eastern District of Virginia, Lewis F. Powell, Jr. US Courthouse, Courtroom ___, 701 East Broad Street, Richmond, VA 23219. At the Fairness Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court will hear objections to the settlement, if any.

After the hearing, the Court will decide whether to approve the settlement. We do not know how long the Court will take to make its decision. In addition, the hearing may be continued at any time by the Court without further notice to you.

## Do I have to attend the hearing?

No. You are not required to attend the hearing. But you are welcome to attend the hearing at your own expense, and you may ask the Court's permission to speak. To do so, you must send a letter stating that it is your intention to appear in *Makson v. Portfolio Recovery Associates, LLC.* Be sure to include your name, address, telephone number, and signature. Your letter stating your intention to appear must be received no later than _____ __, *2008*, and be sent to the Clerk of Court, Class Counsel, and Defense Counsel at the addresses below.

You cannot speak at the hearing if you have excluded yourself from the settlement. Once you have excluded yourself, the settlement does not affect your legal rights.

## What if I want to object to the settlement?

If you have not excluded yourself from the settlement, you can object to the settlement if you do not believe it is fair or reasonable. If you wish to object, you must write a letter to the Court stating the specific reason for your objection, and describe any evidence you wish to introduce to support your objection. Please include your name, address, telephone number, and your signature. Your letter must be mailed to all of the locations listed below, postmarked by _____ __, *2008*. You may combine your objection with a letter stating your intention to appear.

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court United States District Court Eastern District of Virginia 701 East Broad Street Richmond, VA 23219 | Leonard Bennett Matthew Erausquin Consumer Litigation Associates, P.C. 12515 Warwick Blvd., Suite 100 Newport News, VA 23606 | David Israel, Esq. Allison Cannizaro, Esq. SESSIONS, FISHMAN, NATHAN & ISRAEL, LLP Lakeway Two, Suite 200 3850 N. Causeway Blvd. Metairie, LA 70002-1752 |

### What if I do nothing?

If you do nothing, you will get no money from the settlement. Unless you exclude yourself from the settlement, you will not be able to sue or continue a lawsuit against the released parties regarding the legal issues in this case.

### What will happen if the Court does not approve the settlement?

If the Court does not approve the settlement, or if it approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will not be paid at this time and the case will continue. The parties may negotiate a different settlement or the case may go to trial.

### Who represents the Class?

The attorneys who have been appointed by the Court to represent the Class are:

Leonard A. Bennett
Matthew J. Erausquin
Consumer Litigation Associates, P.C.
12515 Warwick Blvd., Suite 100
Newport News, VA 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-3662

### Where can I get additional information?

This notice is only a summary of the proposed settlement of this lawsuit. All pleadings and documents filed in Court, including the Settlement Agreement, may be reviewed or copied in the Clerk of Court, United States District Court for the Eastern District of Virginia. **Please do not call the Judge about this case.** Neither the Judge, nor the Clerk of Court, will be able to give you advice about this case.

Clerk of Court
United States District Court
Eastern District of Virginia

DATED:  [DATE OF MAILING]